

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NYKLAURITZENCOOL A.B.,

    Plaintiff,

-against-

KELSO ENTERPRISES LTD and PACIFIC FRUIT INC.

    Defendants.

07 CV

VERIFIED COMPLAINT

    **PLEASE TAKE NOTICE** that Plaintiff, NYKLAURITZENCOOL AB, ("LAURITZENCOOL"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, KELSO ENTERPRISES LTD. ("KELSO") and PACIFIC FRUIT INC. ("PACIFIC FRUIT"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3.    Defendant KELSO is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at c/o Private Trust, Charlotte House, Charlotte Street, Nassau, Bahamas.

    4.    Defendant PACIFIC FRUIT is a business entity organized and existing pursuant to the laws of the State of New York.

5. Defendant PACIFIC FRUIT is a business entity organized and existing pursuant to the laws of the State of Delaware.

6. Defendant PACIFIC FRUIT is a business entity organized and existing pursuant to the laws of a foreign country.

7. Defendant PACIFIC FRUIT is a business entity with offices at 300 Western Ave., Staten Island, NY 10303.

8. Defendant PACIFIC FRUIT is a business entity with a registered agent at c/o LOUIS SHRON, 485 Madison Ave., New York, NY 10022.

9. Defendant PACIFIC FRUIT is a business entity with a registered agent at c/o ECUADORIAN LINE INC., 65 East 55th Street, New York, NY 10022.

10. Plaintiff and Defendant KELSO entered into a Contract of Affreightment, dated December 8, 2000.

11. Plaintiff and Defendant PACIFIC FRUIT entered into a Contract of Affreightment, dated December 8, 2000.

12. Plaintiff and Defendant KELSO did on one or more occasions mutually agree to extend the term of the subject Contract of Affreightment until the year 2008.

13. Plaintiff and Defendant PACIFIC FRUIT did on one or more occasions mutually agree to extend the term of the subject Contract of Affreightment until the year 2008.

14. Defendant KELSO did wrongfully, willfully, negligently and/or fraudulently breach the terms of the subject Contract of Affreightment.

15. Defendant PACIFIC FRUIT did wrongfully, willfully, negligently and/or fraudulently breach the terms of the subject Contract of Affreightment.

16. As a result of Defendants' breach of the subject Contract of Affreightment Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendants are liable under the terms of the Contract of Affreightment.

17. Plaintiff has placed Defendants on notice of its claim that Defendants have breached the subject Contract of Affreightment.

18. Despite Plaintiff's repeated demands, Defendants have failed to pay the amounts due and owing to Plaintiff under the Contract of Affreightment.

19. Pursuant to the Contract of Affreightment, disputes are to be settled by arbitration, and Plaintiff has commenced arbitration with Defendants, accordingly.

20. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

21. As a result of Defendants' breach of the Contract of Affreightment, plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts, exclusive of interest, by way of arbitral award:

    A. Plaintiff estimates damages from Defendant PACIFIC FRUIT as follows:

| | |
|---|---|
| Principal Claim | $1,521,849.00 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $100,000.00 |
| **Total** | **$1,621,849.00** |

    B. Plaintiff estimates damages from Defendant KELSO as follows:

| | |
|---|---|
| Principal Claim | $6,035,599.00 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $100,000.00 |
| **Total** | **$6,135,599.00** |

22. Plaintiff notes that the above claim figures constitute estimates derived from the

information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

23. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

24. All conditions precedent required of Plaintiff in the aforesaid Contract of Affreightment have been performed.

25. Defendant KELSO cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, KELSO has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, and/or DBS Bank Ltd, which are believed to be due and owing to Plaintiff.

26. For the purpose of obtaining personal jurisdiction over Defendant KELSO and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of KELSO, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

    A. That process in due form of law issue against Defendants KELSO and PACIFIC FRUIT, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

    B. That, since Defendant KELSO cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 <u>et seq.</u>, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, and/or Wachovia Bank N.A., Deutsche Bank AG, DBS Bank Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$6,538,297.00** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

    C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

    D. That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY

  May 2, 2007

          Respectfully submitted,

          MAHONEY & KEANE, LLP.
          Attorneys for Plaintiff
          **NYKLAURITZENCOOL A.B.**

By: */s/ Edward A. Keane*
          Edward A. Keane, Esq. (EK 1398)
          111 Broadway, 10th Floor
          New York, NY 10006
          Tel. (212) 385-1422
          Fax (212) 385-1605
          Our File No. 12/3316

## SERVICE LIST

KELSO ENTERPRISES LTD.
c/o Private Trust,
Charlotte House, Charlotte Street
Nassau, Bahamas.

PACIFIC FRUIT INC.
300 Western Ave.
Staten Island, NY 10303.

PACIFIC FRUIT INC.
c/o LOUIS SHRON
485 Madison Ave.,
New York, NY 10022

PACIFIC FRUIT INC.
c/o ECUADORIAN LINE INC.
65 East 55th Street
New York, NY 10022.

## ATTORNEY VERIFICATION

STATE OF NEW YORK      :
                       : SS.:
COUNTY OF NEW YORK     :

1. My name is EDWARD A. KEANE.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, NYKLAURITZENCOOL AB, in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: New York, New York

May 2, 2007

_____
Edward A. Keane (EK 1398)